GUIDRY, Judge,
dissenting.
I cannot agree that the policy endorsement, prepared and forwarded by Liberty Mutual to its insured, after the accident is ambiguous and should be construed as providing uninsured motorist coverage of $100,000.00 per accident, per person.
The phraseology of the endorsement, making specific reference to limits of UM coverage, should not be construed in a vacuum but rather in context with the language of the entire endorsement and the circumstances giving rise to its execution. As reflected by the endorsement, copy of which is reproduced at page 1388 of the majority opinion, the Hemphill policy did not provide multiple liability limits dependent upon the number of people injured in a single accident but only a maximum dollar limit for each occurrence, i.e., $100,000.00. In my view, when the language of the entire endorsement is considered in pari materia, the meaning of the phrase “Uninsured Motorist (ea. person/ea. acc.) 100 (in thousands)” is clear and unambiguous. It limits the company’s overall liability for each accident to the sum of $100,000.00 but allows recovery of the maximum limits by any one person. Stated another way, it provides UM coverage of $100,000.00 per occurrence. To construe the quoted phrase otherwise, as my brothers of the majority have done, renders the language “/ea. acc.” meaningless. Further, in my opinion, under the particular facts of this case, this result should follow even if the phraseology of the endorsement be considered ambiguous. Although in matters of insurance ambiguities should be construed liberally in favor of the insured, this rule should most certainly yield when the intention of the parties is clear. It can hardly be argued that Liberty Mutual, upon realizing post accident that the UM provisions of the Hemphill policy were not in compliance with Louisiana law, deliberately undertook to provide Hemphill with UM coverage more generous than that required by La. R.S. 22:1406 D(l)(a).
For these reasons, I respectfully dissent.